■ JUDITH YACCARINO, Respondent, v SHERWOOD MEDICAL, Appellant. [771 NYS2d 168]—

In an action to recover damages for personal injuries, the de-

fendant Sherwood Medical appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 29, 2002, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant on the issue of liability and for a new trial.

Ordered that the matter is remitted to the Supreme Court, Richmond County, to hear and report in accordance herewith, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

The plaintiff, a pharmaceutical technician, commenced this action alleging that she sustained personal injuries while in the course of her employment as the result of the repetitive and cumulative stress incurred in opening disposable syringe containers which were alleged to have been defectively packaged by the defendant. Upon the conclusion of the trial, one of the exhibits provided to the jury was a box of sealed syringes. The box was utilized solely to demonstrate the warning label supplied by the defendant.

The jury returned a verdict in favor of the defendant on the issue of liability. Without holding a hearing, the Supreme Court granted the plaintiff's motion to set aside the verdict due to juror misconduct (*see* CPLR 4404 [a]). The court found that "upon return of the box, it was discovered that the jurors had broken each of the seals on all of the syringes within the box" and that such behavior "in essence, constitute[d] an experiment conducted by the jurors to ascertain the difficulty in opening a syringe."

The Supreme Court's determination was, however, entirely premised upon hearsay. Since no hearing was held, the record is devoid of any admissible evidence as to this issue and we therefore are unable to determine precisely what transpired.

Accordingly, we remit this matter to the Supreme Court, Richmond County, to hear and report in accordance herewith and the appeal will be held in abeyance pending receipt of the Supreme Court's report. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.